UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. JEAN KURIAKOSE,

    Plaintiff,                      CIVIL ACTION NO. 14-cv-12972

    v.                            DISTRICT JUDGE PAUL D. BORMAN

VETERANS AFFAIRS ANN          MAGISTRATE JUDGE MONA K. MAJZOUB
ARBOR HEALTHCARE SYSTEM,

    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL [23]

This matter comes before the Court on Defendant Veterans Affairs Ann Arbor Healthcare System's Motion to Compel. (Docket no. 23.) Plaintiff Dr. Jean Kuriakose responded to Defendant's Motion (docket no. 26), and Defendant replied to Plaintiff's Response (docket no. 27). The parties have also filed a Joint Statement of Resolved and Unresolved Issues regarding Defendant's Motion to Compel. (Docket no. 28.) The Motion has been referred to the undersigned for consideration. (Docket no. 24.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.    **BACKGROUND**

Plaintiff initiated this employment civil rights action on July 30, 2014, alleging that she "was subjected to a sexually hostile working environment where she was sexually assaulted by another doctor, Wessam Bou-Assaly." (Docket no. 1.) Plaintiff claims that Defendant created the sexually hostile work environment, discriminated against her on the basis of sex, and

retaliated against her in violation of Title VII of the Civil Rights Act of 1964. (*See id*.) Defendant filed a Motion to Dismiss Plaintiff's Complaint on October 10, 2014, on the grounds that Plaintiff failed to exhaust her administrative remedies because she did not file a formal Equal Employment Opportunity Complaint with the Department of Veterans Affairs within fifteen days of receiving a Notice of Right to File a Discrimination Complaint. (Docket no. 4.) In response to Defendant's Motion, Plaintiff argued, among other things, that the time for exhausting her administrative remedies should be equitably tolled because she was mentally unstable and incapacitated; specifically Plaintiff alleges that she was "so traumatized by the sexual assault that she was unable to effective [sic] manage her personal and business affairs." (Docket no. 7 at 4, 13-17.) District Judge Paul D. Borman converted Defendant's Motion to Dismiss into a Motion for Summary Judgment and granted Defendant's Motion. (Docket no. 10.) Plaintiff then filed a Motion for Reconsideration, in which, among other things, she objected to the conversion of Defendant's Motion to Dismiss to one for summary judgment without notice and an opportunity to respond after pursuing discovery. (Docket no. 12.) Judge Borman considered Plaintiff's Motion and vacated the Order of Dismissal, solely on the basis of Plaintiff's aforementioned objection, and he reopened the case to allow the parties to engage in discovery limited to the issue of Plaintiff's timely exhaustion of administrative remedies. (Docket no. 17.)

Defendant served Plaintiff with its first set of interrogatories and its first set of requests for production (RFPs) on October 6, 2015. (Docket no. 23-2.) Plaintiff responded to Defendant's discovery requests on November 25, 2015.[1] (Docket no. 23-3.) Defendant asserts that Plaintiff provided complete responses to only one interrogatory and two RFPs, provided

---

[1] The Court notes that Plaintiff served her responses to Defendant's discovery requests twenty days after the time for response in violation of Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), and there is no evidence that the parties stipulated to an extension.

non-responsive or insufficient responses to eight interrogatories and two RFPs, and improperly objected to the remaining twelve interrogatories and six RFPs in reliance upon state-law rules regarding discovery and the attorney-client privilege.  (Docket no. 23 at 8.)  Defendant sent Plaintiff a letter regarding her allegedly deficient discovery responses on December 1, 2015.  (Docket no. 23-4.)  After several additional communications on the matter (docket nos 23-5 and 23-6), Plaintiff provided "Amended / Supplemental Objections and Responses" to Defendant's discovery requests on January 21, 2016.  (Docket no. 23-7.)

Defendant then filed the instant Motion to Compel on January 25, 2016, in which it asserts that many of Plaintiff's supplemental responses are non-responsive or incomplete and that they also contain newly-asserted objections to Defendant's discovery requests.  (Docket no. 23 at 10.)  Before responding to Defendant's Motion, Plaintiff submitted a second set of "Amended / Supplemental Objections and Responses" to Defendant's discovery requests on February 4, 2016; Plaintiff then responded to Defendant's Motion on February 8, 2016.  (Docket no. 26-4; docket no. 27-3; docket no. 26.)  In reply, Defendant asserts that while Plaintiff's second set of supplemental responses satisfied some of Defendant's discovery requests, it also contains improperly-raised new objections and insufficient answers.  (Docket no. 27 at 4-5.)

**II.     GOVERNING LAW**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

### III. ANALYSIS

According to the parties' thirty-six-page Joint Statement of Resolved and Unresolved Issues, the parties' disputes regarding Defendant's Interrogatory nos. 9, 10, 12, 14 and 17-21, and Defendant's RFP nos. 6 and 7 remain unresolved. The Court will address each of these discovery requests and Plaintiff's corresponding responses in turn.

As an initial matter, however, the Court will address waiver as it applies to Plaintiff's untimely objections. "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Carfagno v. Jackson*

*Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) (citations and internal quotation marks omitted). But this is not a bright-line rule; "courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable." *Id.* Here, Plaintiff responded to Defendant's discovery requests twenty days after the time for response, without any explanation for her tardy compliance. Plaintiff then asserted new or additional objections to certain discovery requests in each of her supplemental responses. While all of Plaintiff's objections to Defendant's discovery requests are untimely and are therefore subject to waiver, the Court finds that the objections raised by Plaintiff in her supplemental discovery responses filed approximately two and a half months and three months, respectively, after the time for response are particularly prejudicial to Defendant and are therefore waived. Stated differently, the Court will only consider Plaintiff's initial objections to Defendant's discovery requests; any further objections are deemed waived and will not be considered by this Court.

### A. Interrogatory No. 9

Defendant's Interrogatory no. 9 asks Plaintiff to:

> describe all treatments you have received for major depression, post-traumatic stress disorder, compulsive traits, severe psychosocial stressors, or any other mental or emotional condition you allege resulted from workplace discrimination, harassment, or retaliation at the VA, including the dosage of any medication and the dates during which you took the medication.

(Docket no. 23-2 at 7.) Plaintiff provided the following response to this interrogatory:

> Plaintiff objects to this interrogatory to the extent that it requires a medical response, which Plaintiff is not qualified to give. Notwithstanding and without waiving this objection, Plaintiff states that she was prescribed Zoloft after the incident; as well as counseling. As indicated previously, Plaintiff will provide properly executed authorizations as provided by Defendant in Plaintiff's

>Responses to Defendant's First Request for Production of Documents Dated October 6, 2015.

(Docket no. 23-3 at 8.) Plaintiff later supplemented her answer to Interrogatory no. 9, stating that she did not write down every single time that she took Zoloft and that she is unable to recall during which time frame she took Zoloft and at what dose. (Docket no. 27-3 at 9.) She further advises that such information will be contained in her medical records, for which Defendant has been given authorizations. (*Id.*)

Defendant argues that Plaintiff's answer is incomplete because she did not provide information regarding the dates that she took Zoloft or the dosage of Zoloft that she took. (Docket no. 23 at 22.) The Court agrees. Federal Rule of Civil Procedure 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "Because Rule 33(b)[3] requires a party to answer each interrogatory "fully," it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories." *Equal Rights Ctr. v. Post Properties, Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007) (citing 7–33 Moore's Federal Practice–Civil § 33.103); *see also Williams v. Sprint/United Mgmt. Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006) ("Plaintiffs may not answer the interrogatory by generally referring Defendant to the pleadings filed in this case, documents produced, opt-in questionnaires, depositions, or declarations.").

Accordingly, in the instant matter, it is not Defendant's burden to scour pages of Plaintiff's medical records to gather the information it seeks through Interrogatory no. 9. Furthermore, the Court finds that the information that Defendant seeks through Interrogatory no. 9 is relevant and within the scope of discovery set forth by Judge Borman, as Plaintiff placed her mental health at issue when she alleged that it prevented her from exhausting her administrative

remedies. The Court will therefore grant Defendant's Motion to Compel with respect to Interrogatory no. 9 and order Plaintiff to revise her answer to provide the dates during which she took Zoloft and the corresponding dosage(s), either based on her own recollection or as reflected in her medical records, without further objection, within twenty-one (21) days of this Opinion and Order.

### B.     Interrogatory No. 10

Defendant's Interrogatory no. 10 asks Plaintiff to:

> list any work tasks you could not perform within the typical standard of care for a medical professional in your field because of major depression, post-traumatic stress disorder, compulsive traits, severe psychosocial stressors, or any other mental or emotional condition you allege resulted from workplace discrimination, harassment, or retaliation at the VA. For any tasks listed, please also provide the dates during which you could not perform those tasks competently.

(Docket no. 23-2 at 7.) Plaintiff objected to this interrogatory as vague, ambiguous, overly-broad, confusing, and requiring a legal conclusion. (Docket no. 23-3 at 9.) Later, Plaintiff supplemented her answer, without waiving her objections, and in the spirit of cooperation, to state that she "has met the standard of reasonable care for a radiologist; however, she requires extra effort, precision and thought into patient care than she did before this incident." (Docket no. 27-3 at 9-10.) In light of Plaintiff's supplemental answer, the Court finds that Plaintiff has fully answered Interrogatory no. 10 in accordance with Federal Rule of Civil Procedure 33(b)(3). The Court will therefore deny Defendant's Motion with regard to Interrogatory no. 10. As Defendant points out, however, Plaintiff did not verify her second set of supplemental answers under oath. (*See* docket no. 27 at 4 (citing docket no. 27-3 at 27).) Accordingly, the Court will order Plaintiff to provide the appropriate verification within twenty-one (21) days of this Opinion and Order.

### C. Interrogatory Nos. 12 and 14

Defendant's Interrogatory No. 12 asks Plaintiff to:

list all creditors to whom you made regular payments during the period from November of 2013 to May of 2014, such as mortgage or rent, utility bills, cell phone bills, internet/cable bills, automobile payments, credit cards and provide your account number for each.

(Docket no. 23-2 at 8.)  Defendant's Interrogatory no. 14 asks Plaintiff to:

list all financial institutions (*i.e.*, banks, credit cards, investment or brokerage accounts, etc.), with which you had an account during the period from November of 2013 to May of 2014 and provide the account number for each.

(Docket no. 23-2 at 9.)  Plaintiff set forth identical objections to these interrogatories on the basis that they are not reasonably calculated to lead to the discovery of admissible evidence and are therefore outside the scope of discovery pursuant to MCR 2.302.[2]  (Docket no. 23-3 at 9, 10.) Plaintiff also referred Defendant to her response to Interrogatory no. 7, which provides, in relevant part, that "the majority of [Plaintiff's] bills were paid by 'auto-pay' and any other bills that she was responsible for managing were taken over by her husband."  (Docket no. 23-3 at 7, 9, 10.)  Plaintiff later supplemented her answer to Interrogatory no. 14 to inform that she maintained an account at the University of Michigan Credit Union and to assert that she has fully responded to this interrogatory.  (Docket no. 23-7 at 11; docket no. 27-3 at 11.)

Here, Plaintiff has alleged that the time for exhausting her administrative remedies should be equitably tolled because she was "so traumatized by the sexual assault that she was unable to effective [sic] manage her personal and business affairs."  (Docket no. 7 at 4, 13-17.)  Defendant argues that the information it seeks through Interrogatory nos. 12 and 14 is relevant because it will show whether Plaintiff was able to manage her financial obligations and/or whether she was able to engage in leisure activities, like vacationing or shopping, during the time that she was

---

[2] Discovery in this matter is governed by the Federal Rules of Civil Procedure, not Michigan Court Rule 2.302.

allegedly unable to comply with the statute of limitations. (Docket no. 28 at 7, 8.) The Court agrees with Defendant; Plaintiff's financial account activity is relevant to Plaintiff's ability to effectively manage her personal and business affairs, and it is within the scope of discovery set forth by Judge Borman because Plaintiff directly placed that ability at issue in relation to the exhaustion of her administrative remedies.

Next, by referring to her answer to Interrogatory no. 7, in which Plaintiff states that "the majority of [Plaintiff's] bills were paid by 'auto-pay' and any other bills that she was responsible for managing were taken over by her husband" (docket no. 23-3 at 7, 9, 10), Plaintiff vaguely implies, in response to Interrogatory no. 12, that she did not personally make any payments to creditors during the relevant period. To require such an inference to be drawn renders Plaintiff's reference to her answer to Interrogatory no. 7 non-responsive to Interrogatory no. 12; if Plaintiff did not make payments to creditors during the period set forth in Interrogatory no. 12, she must unambiguously state as much. Accordingly, the Court will grant Defendant's Motion to Compel with respect to Interrogatory no. 12 and will order Plaintiff to answer Interrogatory no. 12 separately and fully in writing as required under Fed. R. Civ. P. 33(b)(3) within twenty-one (21) days of this Opinion and Order.

With regard to Interrogatory no. 14, the parties' arguments set forth in the Joint Statement of Resolved and Unresolved Issues make clear that Plaintiff's answer to the interrogatory is incomplete. In the Joint Statement, Plaintiff explains that she has since testified at her deposition that she has an American Express credit card and accounts with Fidelity, Chase, and Michigan Credit Union. (Docket no. 28 at 6-7, 8.) Plaintiff argues that, through her deposition testimony, Defendant now knows the financial institutions with which Plaintiff held accounts. (*Id*. at 8.) Defendant acknowledges Plaintiff's deposition testimony but asserts that it remains unsure of

whether Plaintiff has fully responded to Interrogatory no. 14 because the accounts that Plaintiff identified at her deposition were the only accounts that she could remember at that moment "without even, for instance, glancing in her wallet." (*Id*. at 9.)

As previously noted, it is improper to refer to depositions in responding to an interrogatory. Moreover, Plaintiff's deposition testimony in this matter does not cure her failure to provide a complete answer to Defendant's Interrogatory no. 14. Accordingly, the Court will grant Defendant's Motion to Compel with regard to Interrogatory no. 14 and will order Plaintiff to revise her answer to fully respond to Interrogatory no. 14 within twenty-one (21) days of this Opinion and Order, by providing a complete list of financial institutions with which she held an account from November of 2013 to May of 2014, along with the corresponding account number for each.

### D.     Interrogatory Nos. 17, 18, 19, and 21

Defendant's Interrogatory no. 17 asks Plaintiff to:

> list the date on which you first reported the assault by Dr. Bou-Assaly (which occurred on December 6, 2013) to:
>   a. a supervisor at the VA;
>   b. the Department of Veterans Affairs Ann Arbor Healthcare System's Sexual Harassment Point of Contact;
>   c. any individual in the VA's Human Resources Department; and/or
>   d. any individual in the VA's EEO Office.
> If you cannot recall the specific dates, please provide an estimate of each date to the best of your ability.

(Docket no. 23-2 at 10.) Plaintiff's second amended/supplemental response, excluding her untimely objections, states as follows:

> Plaintiff directs Defendant to see the Complaint and the Police Report. Answering further,
>   a.     On the date of the incident, Plaintiff attempted to locate her supervisor, to no avail.
>   b.     Plaintiff is not aware whether there was a person designated as the "Sexual Harassment Point of Contact"

10

    c.        Upon recollection and belief, subsequent to the incident, Plaintiff went to her University of Michigan Supervisor, Dr. Ella A. Kazerooni, sometime during the third week in December, 2013. Dr. Kazerooni subsequently scheduled a meeting with Plaintiff to take place during the 2nd week in January, 2014 (Plaintiff does not recall the specific date). Plaintiff's University Supervisor initially had all contact with Plaintiff's VA Supervisors.

                On the date of the incident itself, Plaintiff attempted to locate her VA supervisor to report the incident; however, she was unable to locate him and was told by several individuals that he had left early for the day. Immediately after the incident itself, Plaintiff told a nurse practitioner with the pain team what happened. On the Monday following the incident, Plaintiff told colleague, Perry Pernicano. During the week before the Christmas Holiday, Plaintiff went to Radiology Supervisor Kimberly Beers, to look for her VA supervisor, Dr. Venat Krishnamurthy, but was unable to find him due to the fact that he was on vacation.

    d.        Plaintiff was paged by the VA EEOC Officer to speak with the VA Police Officers

                Answering further, below is a non-exhaustive timeline of these efforts. . . . There is, undoubtedly, more information not included in this timeline, but upon Plaintiff's current information and belief, this timeline is responsive to Defendant's request.

(Docket no. 27-3 at 12-13.) The timeline to which Plaintiff refers spans approximately six pages and, for the most part, it constitutes a chronological summary of emails and other correspondence related to this action dated from January of 2012 to October 2014. (*See id*. at 13-19.)

    Defendant's Interrogatory no. 18 asks Plaintiff to:

list the date on which you first reported the allegedly retaliatory proposed change of tour of duty or change of duty station to:
        a. a supervisor at the VA;
        b. the Department of Veterans Affairs Ann Arbor Healthcare System's
           Sexual Harassment Point of Contact;
        c. any individual in the VA's Human Resources Department; and/or
        d. any individual in the VA's EEO Office.

(Docket no. 23-2 at 10-11.) Plaintiff responded to this interrogatory through her second amended/supplemental response solely by referring Defendant to Plaintiff's "non-exhaustive timeline" contained in her answer to Interrogatory no. 17. (Docket no. 27-3 at 19.)

Defendant's Interrogatory no. 19 asks Plaintiff to:

> describe all efforts you made between December 6, 2013, and March 3, 2014, to report the assault by Dr. Bou-Assaly—or complain about any workplace harassment, discrimination, or retaliation at the VA—to a supervisor at the VA, the Department of Veterans Affairs Ann Arbor Healthcare System's Sexual Harassment Point of Contact, any individual in the VA's Human Resources Department, any individual in the VA's EEO Office, or sought EEO counseling, or attempted to initiate an informal EEO complaint.
> For each effort listed, please provide the date you performed the activity (e.g., wrote a letter or email, made phone call, etc.), the name of any individual to whom you complained about workplace harassment, discrimination, or retaliation at the VA, and the conduct or incident about which you complained. If you cannot recall the specific date(s), please provide an estimate of the date to the best of your ability.

(Docket no. 23-2 at 11.) Plaintiff's second amended/supplemental response, again, excluding her untimely objections, provides:

> Plaintiff directs Defendant to see previous answers herein; the Complaint; and, the VA Police Report. Answering further, Plaintiff directs Defendant to see her First Supplemental Rule 26 Disclosures, which contains the various emails (which identify specific dates when Plaintiff discussed the incident with VA and University personnel) to and from the staff at the VA and herself, as well as formal correspondence from Diana Cass who held the position of EEO/Special Emphasis Program Manager; Minority Veteran's Program Coordinator; Alternative Dispute Resolution Coordinator at the VA. Plaintiff also directs Defendant to see communication[s] between Lydia Ward at the Department of Veterans Affairs Office of Resolution Management and Plaintiff, as well as Madeline Stephens, as detailed in Plaintiff's First Supplemental Rule 26 Disclosures. Plaintiff also recalls attending a meeting with her union representative, Ozzie L. James, Jr.

(Docket no. 27-3 at 20.) Plaintiff further responds that Interrogatory no. 19 is duplicative of Interrogatory no. 17 and refers Defendant to her "non-exhaustive timeline." (*Id*. at 20-26.)

Defendant's Interrogatory no. 21 provides:

> After you received the Notice of Right to File on April 3, 2014, please describe all efforts you made to complete and submit a formal EEO complaint (Form 4939) to the VA.

(Docket no. 23-2 at 12.) Plaintiff responded identically to this interrogatory as she did to Interrogatory no. 18, solely by referring Defendant to Plaintiff's "non-exhaustive timeline" contained in her answers to Interrogatory nos. 17 and 20. (Docket no. 27-3 at 26.)

Defendant argues that Plaintiff's answers to Interrogatory nos. 17, 18, 19, and 21 are incomplete and non-responsive, particularly with regard to Plaintiff's reliance on the "non-exhaustive timeline" that she submitted. (Docket no. 23 at 17-18, 24; docket no. 27 at 10; docket no. 28 at 17-18, 18-19, 27, 31.) Plaintiff counters that the timeline is responsive to each of these interrogatories. (Docket no. 26 at 7-8, 9-10; docket no. 28 at 17, 31.) Plaintiff also argues that her deposition testimony is responsive to these interrogatories. (Docket no. 28 at 17, 18, 27, 31.)

Each of Plaintiff's answers to and arguments regarding Interrogatory nos. 17, 18, 19, and 21 primarily consist of some general reference to documents, testimony, or other information either produced and/or created in this matter, namely, Plaintiff's Complaint, the VA police report, Plaintiff's "non-exhaustive timeline," Plaintiff's deposition testimony, and Plaintiff's Rule 26 disclosures. As discussed above with regard to Interrogatory no. 9, such references do not comply with Rule 33(b)(3). Moreover, not one of Plaintiff's written answers provides any substantive information responsive to the actual interrogatories. Plaintiff's answers essentially, and improperly, invite Defendant to search the record to concoct answers to its own interrogatories. Furthermore, the Court has conducted an independent review of Plaintiff's non-exhaustive timeline in conjunction with Defendant's interrogatories, and it finds that Plaintiff's timeline does not provide the information that Defendant seeks through its interrogatories.

13

While some of the emails and other correspondence that Plaintiff charts in her timeline may contain responsive information, the timeline itself does not.

The Court also finds that the information that Defendant seeks through Interrogatory nos. 17, 18, 19, and 21 is relevant to and within the limited scope of discovery set forth in this matter, as it would demonstrate Plaintiff's diligence in pursuing her rights, a factor considered by the court in determining whether the time for exhausting Plaintiff's administrative remedies should be equitably tolled. *See Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014). The Court will therefore grant Defendant's Motion to Compel with regard to Interrogatory nos. 17, 18, 19, and 21, and will order Plaintiff to respond fully, completely, and specifically to these interrogatories, without further objection or reference to outside material, within twenty-one (21) days of this Opinion and Order.

### E. Interrogatory No. 20

Defendant's Interrogatory no. 20 provides:

> After you received the VA's Notice of Right to File on April 3, 2014, please list the date on which you notified your attorney that you had received the Notice of Right to File or sought advice from your attorney about the Notice of Right to File.

(Docket no. 23-2 at 12.) Plaintiff objected to this interrogatory as vague, ambiguous, overly-broad, unduly burdensome, and protected by the attorney-client privilege and work-product privilege pursuant to MCR 2.302(B)(1), (3), and (4). (Docket no. 23-3 at 12.)

Defendant argues that neither the attorney-client privilege nor the work-product doctrine protect the date on which Plaintiff consulted her attorney regarding the Notice of Right to File. (Docket no. 23 at 12-13, 15.) To support this assertion, Defendant cites to *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211 (6th Cir. 1985), in which the Sixth Circuit explained that "[t]he attorney-client privilege only precludes disclosure of *communications*

14

between attorney and client and does not protect against disclosure of the facts underlying the communication. *Id.* at 1219 (emphasis in original) (citing *Upjohn Co. v. United States,* 449 U.S. 383, 395 (1981)). The *Humphreys* court expounded that "[i]n general, the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of employment are not deemed privileged." *Id.* Defendant also relies upon *United States v. Tocco*, 200 F.3d 401, 422 (6th Cir. 2000) ("evidence of [a party]'s visit to [a] law office—or evidence that [a party] sought out or consulted the advice of an attorney generally—simply does not invade the attorney-client relationship") and *In re Dayco Corp. Derivative Sec. Litig.*, 102 F.R.D. 633, 635 (S.D. Ohio 1984) (quoting *In re Grand Jury Proceedings (Twist),* 689 F.2d 1351, 1352 (11th Cir.1982)) (Discovery questions regarding "'records of dates, places or times of meetings and communications, [but] not the content of those communications,' are proper."). *See also Trollinger v. Tyson Foods, Inc.,* No. 4:02-cv-23, 2007 WL 951869, at *2 (E.D. Tenn. Mar. 28, 2007) (citing *Leach v. Quality Health Servs.*, 162 F.R.D. 499, 501–02 (E.D. Pa. 1995) ("the attorney's name, the client's name, the general matter being worked on, and the date and time of services rendered are unprotected, but a description of the actual legal services performed is.")) and *Condon v. Petacque*, 90 F.R.D. 53, 54-55 (N.D. Ill. 1981) (date of the first communication between attorney and client regarding the subject matter of the lawsuit is not protected by the attorney-client privilege).

Under this precedent, the date on which Plaintiff notified her attorney that she had received the Notice of Right to File or sought advice from her attorney regarding the Notice is not protected by the attorney-client privilege. Plaintiff has provided no basis for this Court to find otherwise, and her other boilerplate objections lack merit. Moreover, the information that Defendant seeks through Interrogatory no. 20 is relevant and within the limited scope of

discovery in this matter for the same reasons as discussed with regard to Interrogatory nos. 17, 18, 19, and 21. Accordingly, the Court will grant Defendant's Motion to Compel Plaintiff's answer to Interrogatory no. 20. Plaintiff will submit an answer to Interrogatory no. 20 within twenty-one (21) days of this Opinion and Order.

### F. Request for Production No. 6

Defendant's RFP no. 6 seeks a copy of Plaintiff's credit card and bank statements for the period from November 2013 through May 2014. (Docket no. 23-2 at 18.) Plaintiff objected to this RFP as vague, ambiguous, overly-broad, unduly burdensome, and seeking information protected by the attorney-client privilege and work-product privilege pursuant to MCR 2.302(B)(1), (3), and (4). (Docket no. 23-3 at 21.) The Court finds that the documents Defendant seeks through RFP no. 6 are relevant for the same reasons as discussed above with regard to Interrogatory nos. 12 and 14. The Court also finds that this RFP is not vague or ambiguous as written and that a request for credit card and bank statements for a six-month-period is not overly-broad or burdensome. Moreover, Plaintiff has provided no basis for her assertion that her credit card and bank statements are protected by the attorney-client privilege or the work product doctrine under either the Michigan law that she cites or under federal law, and the Court finds none. The Court will therefore grant Defendant's Motion to Compel the production of documents responsive to RFP no. 6 and will order Plaintiff to produce such documents, without further objection, within twenty-one (21) days of this Opinion and Order.

### G. Request for Production No. 7

Defendant's RFP no. 7 asks Plaintiff to sign, date, and return the attached Authorization to Release Account Information. (Docket no. 23-2 at 18.) Plaintiff objected to this RFP as overly-broad, unduly burdensome, vague, unclear, and seeking information that is irrelevant,

16

confidential, and not reasonably calculated to lead to the discovery of admissible evidence. (Docket no. 23-3 at 21-22.) Eastern District of Michigan Local Rule 37.2 requires that any discovery motion include a verbatim recitation of each discovery request or a copy of the actual discovery document that is the subject of the motion. Defendant did not file a copy of the Authorization to Release Account Information with its Motion. Accordingly, the Court will deny Defendant's Motion to Compel with regard to RFP no. 7.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel [23] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Defendant's Motion to Compel is GRANTED with regard to Interrogatory nos. 9, 12, 14, and 17-21 and Request for Production no. 6. Plaintiff will provide full and complete responses to Defendant's Interrogatory nos. 9, 12, 14, and 17-21 and will produce documents responsive to RFP no. 6, without further objection, in accordance with and within twenty-one (21) days of this Opinion and Order;

b. Defendant's Motion to Compel is DENIED with regard to Interrogatory no. 10 and Request for Production no. 7; and

c. Plaintiff is ordered to verify under oath her Second Amended / Supplemental Objections and Responses to Defendant's interrogatories and RFPs in compliance with Federal Rule of Civil Procedure 33(b)(3) within twenty-one (21) days of this Opinion and Order.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: September 7, 2016         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: September 7, 2016         s/ Lisa C. Bartlett
                                 Case Manager